## E. A. WRIGHT v. J. D. FLANNER, Ex., &c.

Where an executor defendant at Spring Term 1867 had pleaded Fully administered, and a reference had been had under such plea, and a report made charging him with assets : *Held*, that the Court had no power at a subsequent term, in May 1870, to allow the defendant to strike out such plea, and to plead anew.

MOTION to amend pleading, heard by *Thomas, J.*, at May Special Court 1870, for WAYNE.

This was an action begun on the 15th December 1866, to which the defendant, at March Term 1870 of Wayne Superior Court, pleaded, that he had fully administered, and had no assets; it was referred to a referee to inquire and report as to the truth of this report; the referee reported, and it must be assumed, although it is not expressly stated, that his report showed assets in the hands of the defendant, applicable to the plaintiff's claims. At a Special Term in May 1870, the defendant excepted to the report, and moved for leave to withdraw his former plea, and to plead anew, which the Judge allowed; and from that order the plaintiff appealed.

*Isler,* for the appellant.
*Moore, contra.*

RODMAN, J. (After stating the case as above.) Every plea must be true at the time it is pleaded : the difference therefore between the issues made by the plea "fully administered" pleaded at March Term 1867, and the same plea pleaded in May 1870, is sufficiently obvious. Under the latter the defendant would have the benefit of any payment of debts of equal dignity with the plaintiff's, made by him since his first plea. We do not here say that there may

WRIGHT *v.* FLANNER, Ex'r., &c.

not be circumstances which would justify a Court, under its general power of allowing amendments of pleading, to allow an amendment with such an effect; but the circumstances would be peculiar, to make such an amendment equitable. It is suggested in the present case, that the Judge supposed himself constrained to allow the amendment, by section 80 of chapter 113 of the acts of 1868–'69. What the effect of that section might be, were it applicable in this case, it is unnecessary to consider. The act of 1870, chapter 58, page 90, ratified February 16th 1870, declares that the act above referred to, was intended only to apply to cases in which letters of probate or administration were granted subsequently to July 1st 1868. There are some exceptions in this act, which it is not necessary to notice. This act could scarcely have been known to the Judge at the time of his decision. But it governs this case.

How far the defendant may avail himself of the act of 1866, allowing preference in certain cases, we are not called on to consider.

We think there is error in the order appealed from. Let this opinion be certified.

PER CURIAM. Error.